UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 17-103 |
| DORIAN GIVENS | SECTION: "E" (5) |

### ORDER AND REASONS

Before the Court is a motion for compassionate release filed by Dorian Givens.[1] For the following reasons, Petitioner's motion is **DENIED**.

### BACKGROUND

In September 2012, Given, along with others, was indicted on charges related to drug distribution.[2] Givens later pleaded guilty to Counts 1, 12, and 13[3] and was sentenced to 57 months imprisonment and a four-year term of supervised release.[4] Givens was granted a sentence reduction to 46 months in light of guidelines applicable to his charges being reduced.[5] Givens was released from prison in early 2016. Within several months, probation petitioned for Givens' arrest for violating his terms of supervised release and possessing a firearm.[6] Givens had stopped reporting to his probation officer and failed to appear in state court on felon in possession of a firearm charges.[7] In 2017, the Government adopted Givens' two pending state felon in possession of a firearm charges for federal prosecution, resulting in the present case.[8] In November 2017, Givens pleaded

---

[1] R. Doc. 38.
[2] *USA v. Givens*, 12-cr-259, R. Doc. 1.
[3] *USA v. Givens*, 12-cr-259, R. Doc. 144.
[4] *USA v. Givens*, 12-cr-259, R. Doc. 211.
[5] *USA v. Givens*, 12-cr-259, R. Doc. 227.
[6] *USA v. Givens*, 12-cr-259, R. Doc. 289.
[7] *USA v. Givens*, 12-cr-259, R. Doc. 289.
[8] R. Doc. 1.

guilty to both counts.[9] On March 19, 2018, Givens was sentenced to 30 months imprisonment on two counts of felon in possession of a firearm.[10] Givens' total sentence between the two cases is 114 months, of which he has served approximately 44.[11] He is currently housed at Yazoo City Low FIC with a projected release date of February 20, 2025.[12] At the time of this order, Yazoo City Low FCI has zero inmates and five staff members positive for COVID-19, and three inmates have died.[13] On September 16, 2020, Givens filed a motion for compassionate release.[14] The Government opposes Givens' motion for compassionate release.[15,16]

## LAW AND ANALYSIS

18 U.S.C. § 3582(c) provides courts "may not modify a term of imprisonment once it has been imposed," except in limited circumstances.[17] As relevant in this case, 18 U.S.C. § 3582(c)(1)(A)(i) provides courts may, upon motion of a defendant or upon motion of the Director of the Bureau of Prisons ("BOP"), reduce a term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a)," if "extraordinary and compelling reasons warrant such a reduction."[18] In this case, Givens has not provided any "extraordinary or compelling reasons" that warrant a reduction in his sentence.

---

[9] R. Doc. 26.
[10] R. Doc. 36.
[11] R. Doc. 40.
[12] *See* https://www.bop.gov/inmateloc/.
[13] *See* https://www.bop.gov/coronavirus/.
[14] R. Doc. 38.
[15] R. Doc. 39.
[16] Givens also filed a motion for compassionate release before a different section of the Eastern District of Louisiana, which the deciding court denied for failure to exhaust administrate remedies. The court further noted that even if Givens had exhausted his administrative remedies, he failed to present extraordinary and compelling reasons warranting a reduction in sentence. *USA v. Givens*, 12-cr-259, R. Doc. 315.
[17] 18 U.S.C. § 3582(c).
[18] *Id*. § 3582(c)(1)(A).

I.      **Petitioner Exhausted His Administrative Remedies.**

Courts may consider a motion for a reduction in sentence on the basis of extraordinary and compelling reasons only if the exhaustion requirements of § 3582(c)(1)(A) are met.[19] The exhaustion requirement is mandatory—a court may not modify a term of imprisonment if a defendant has not filed a request with BOP.[20] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[21] the exhaustion requirements of § 3582(c)(1)(A) are satisfied, and the Court may consider a motion for compassionate release filed by the defendant.

In this case, the Government argues that Givens has provided no documentation in support of his claim that he submitted a request to the warden.[22] In reply to the Government's opposition, Givens provided a copy of his email to the Warden requesting "a Reduction in Sentence or Compassionate Release."[23] The email is dated May 15, 2020.[24] Givens filed a motion for compassionate release on September 16, 2020,[25] well beyond thirty days after his initial request to the warden. Accordingly, Givens has exhausted his administrative remedies.

II.     **Petitioner Failed to Present "Extraordinary and Compelling Reasons" Warranting a Reduction in Sentence.**

According to Section 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant

---

[19] *See id.*
[20] *United States v. Franco*, 2020 WL 5249369 at *3 (5th Cir. Sept. 3, 2020).
[21] *Id.*
[22] R. Doc. 40 at 12.
[23] R. Doc. 41.
[24] *Id.*
[25] R. Doc. 38.

3

such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[26] The United States Sentencing Commission's relevant policy statement, found in Section 1B1.13 application note 1 of the United States Sentencing Guidelines Manual, sets forth three specific circumstances considered "extraordinary and compelling," as well as a catchall provision:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant.—
>>
>>> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (ii) The defendant is —
>>>
>>>> (I)  suffering from a serious physical or medical condition,
>>>> (II) suffering from a serious functional or cognitive impairment, or
>>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>>
>>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>>
>> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>>
>> (C) Family Circumstances.—
>>
>>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

---

[26] 18 U.S.C. § 3582(c)(1)(A)(i).

4

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[27]

Givens bears the burden of establishing he is eligible for a sentence reduction under § 3582(c)(1)(A)(i).[28] In this case, Givens provides no evidence he is suffering a terminal illness, he is not yet 65, and he does not argue any family circumstances that might warrant a reduction of his sentence.[29] Subsections (A), (B) and (C) are not at issue. Only subsection (D) of the policy statement is relevant in this case.

Subsection (D) requires a finding of extraordinary and compelling reasons to justify a reduction of sentence. The Court notes the Sentencing Guidelines Manual, last amended on November 1, 2018, contains a policy statement that has not been updated since the passage of the First Step Act on December 21, 2018. The First Step Act amended § 3582(c) to allow not only the BOP but also a defendant to bring a motion arguing extraordinary and compelling reasons warrant a reduction in the defendant's sentence. The policy statement provides, "A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." As a result of this clear conflict, there is some dispute as to which portions, if any, of the policy statement should continue to apply to § 3582 after the passage of the First Step Act.

---

[27] U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENTENCING COMM'N 2018).
[28] *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (holding the petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute").
[29] R. Doc. 38.

For example, disagreements exist over whether courts may determine what constitutes an extraordinary and compelling reason under the catchall provision in subsection (D). Although the First Step Act amended § 3582(c) to allow a defendant, and not just the BOP, to bring a motion in court arguing extraordinary and compelling reasons warrant a reduction in a defendant's sentence, subsection (D) of the policy statement only permits the BOP to determine what constitutes "extraordinary and compelling reason[s]." Some courts have questioned why a defendant can bring a motion for compassionate release in court if the court cannot decide what amounts to extraordinary and compelling reasons for such release. Those courts have held that, pursuant to the policy goals of the First Step Act, not only the BOP but also courts may now determine what constitutes such "other" extraordinary and compelling reasons. As one court put it, "the only way direct motions to district courts would increase the use of compassionate release is to allow district judges to consider the vast variety of circumstances that may be 'extraordinary and compelling.'" Other courts, however, have not broken from the text of subsection (D) as currently written and have held the BOP alone may determine what qualifies as "other" extraordinary and compelling circumstances.

The Supreme Court has held that "commentary in the [U.S. Sentencing] Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." The most natural way to comprehend the policy statement following the amendments to the First Step Act is to avoid inconsistencies by finding that district courts hold the same discretion as the BOP Director in considering compassionate release motions.  It does not stand to reason that courts might be constrained by a policy

6

statement that limits permissible statutory factors for a sentence reduction. The Court finds the new statute supersedes the policy statement in this respect.

Givens argues extraordinary and compelling reasons are present due to the rate of COVID-19 infection where he is currently incarcerated and due to general concerns regarding the virus.[30] Givens is 33 years old and has pointed to no chronic health conditions that would heighten the risk posed to him by COVID-19. Givens notes that he has already contacted COVID-19.[31] Numerous courts have concluded that a general concern regarding possible COVID-19 infection does not warrant a sentence reduction under § 3582.[32] This Court agrees. Accordingly, Givens has provided no "extraordinary and compelling reasons" that warrant a reduction in his sentence.

## CONCLUSION

**IT IS ORDERED** that Dorian Givens' Motion for Compassionate Release[33] is **DENIED**.

New Orleans, Louisiana, this 22nd day of October, 2020.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　**SUSIE MORGAN**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[30] R. Doc. 38.
[31] *Id.*
[32] *See United States v. Williams*, 2020 WL 5311383 (E.D. La. Sept. 4, 2020); *United States v. Wilfred*, 2020 WL 4365531 at *5 (E.D. La. July 30, 2020) (motion denied after petitioner "alleged only general concerns that the fact of being in a carceral setting raises the risk of COVID-19 infection."); *United States v. Clark*, 2020 WL 1557397 at *4 (M.D. La. Apr. 1, 2020) ("Defendant cites no authority for the proposition that the *fear* of contracting a communicable disease warrants a sentence modification."); *United States v. Emmons*, 2020 WL 3086606 at *2 (S.D. Miss. June 20, 2020) ("Were such [general] concerns sufficient, every federal prisoner would be entitled to a sentence reduction under § 3582(c)(1)(A).").
[33] *Id.*